UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:                                              Bankruptcy No. 12-30132
                                                    Chapter 7
Rodney Alan Berger,

                Debtor.
_____/


**MEMORANDUM AND ORDER**

**I.    FACTS**

Debtor Rodney Alan Berger petitioned for relief under Chapter 7 of the Bankruptcy Code on February 22, 2012.  The first date set for the meeting of creditors under section 341(a) was March 21, 2012, and objections to discharge were due by May 21, 2012.

The Chapter 7 Trustee filed a Motion for an Extension of Time to Object to Discharge on May 18, 2012.  In his motion, the Trustee asserted that he was investigating the financial affairs of Debtor and had not received certain documentation he requested from Debtor on May 17, 2012, at the continued meeting of creditors.  The Trustee seeks relief in the form of a ninety (90) day extension of the deadline to file a complaint objecting to discharge because he is unable to complete his investigation prior to the deadline.

Debtor filed a Response to Motion for an Extension of Time to Object to Discharge on May 24, 2012.  He does not object to the Trustee's request for an extension, but claims that a sixty (60) day extension, rather than a ninety (90) day extension, is sufficient because he pledges that he has supplied or will promptly supply the Trustee with the requested information.

1

Rhonda Maher, Debtor's sister and a creditor in this case, also filed a Motion for Extension of Time to File Objection to Discharge. Maher alleges that her motion was not filed before the May 20, 2012, deadline because her attorney erroneously believed that a continuation of Debtor's first meeting of creditors resulted in an extension of the time allowed to file an objection to discharge.

On May 29, 2012, Maher filed a Supplemental Brief in Support of Motion for Extension of Time to File Objection to Discharge. In her supplemental brief, Maher explains that she did not receive notice of the continued meeting of creditors and only became aware of the May 17, 2012, meeting upon receiving a copy of the Trustee's motion. She also alleges that issues in Debtor's bankruptcy are interrelated and that the primary reason for her motion is to allow counsel additional time to obtain information and determine whether an objection to discharge should be filed.

Debtor filed a response in opposition to Maher's motion and supplemental brief. In his response to Maher's motion, Debtor argues that Maher did not file her motion prior to the deadline and that a mistaken belief by counsel does not qualify as good cause under Rule 4004(b). In his response to Maher's supplemental brief, Debtor contends that Maher's counsel appeared at the section 341 meeting of creditors held on March 21, 2012, which was continued at that time. Therefore, Debtor maintains Maher was aware of the continuance and also aware of the deadline for filing objections to discharge.

## II.    ANALYSIS

Subdivisions (a) and (b) of Rule 4004 provide the time for objecting to discharge and grounds upon which an extension of the time may be granted. Fed. R. Bankr. P. 4004(a), (b). Subdivision (a) provides that "[i]n a chapter 7 case, a complaint . . . objecting to the

2

debtor's discharge shall be filed no later than 60 days after the first date set for the meeting

of creditors under § 341(a)." Fed. R. Bankr. P. 4004(a). The sixty (60) day period runs

from the first date set for the meeting of creditors regardless of whether the meeting

actually occurs on that date. Block v. Moss (In re Moss), 258 B.R. 391, 396 (Bankr. W.D.

Mo. 2001), aff'd 266 B.R. 408 (B.A.P. 8th Cir. 2001), aff'd 289 F.3d 540 (8th Cir. 2002).

In this case, the first date set for Debtor's meeting of creditors was March 21, 2012.

Sixty (60) days from March 21, 2012, was May 20, 2012, a Sunday. Pursuant to Federal

Rule of Bankruptcy Procedure 9006(a)(1)(C), however, if the last day of the period is a

Sunday, the period continues to run until the end of the next day. Thus, the time for

objecting to discharge ended on May 21, 2012.

Subdivision (b) of Rule 4004, which provides the circumstances under which

extensions of the sixty (60) day period may be granted, consists of two smaller

subdivisions: subdivision (b)(1) applies to situations in which the motion is filed prior to the

deadline set in subdivision (a), and subdivision (b)(2) applies to situations in which the

motion is filed after the deadline set in subdivision (a) but before discharge is granted. Fed.

R. Bankr. P. 4004(b).

A.    Trustee's Motion for Extension of Time to Object to Discharge.

Rule 4004(b)(1) applies to the Trustee's motion because he filed his motion prior to

May 21, 2012, and he is a party in interest.[1] See Fed. R. Bankr. P. 4004(b); In re Farmer,

786 F.2d 618, 620 (4th Cir. 1986) (finding that a trustee is a party in interest under Rule

---

[1] Rule 4004(b)(1) provides: "On motion of any party in interest, after notice and
hearing, the court may for cause extend the time to object to discharge. Except as
provided in subdivision (b)(2), the motion shall be filed before the time has expired."
Fed. R. Bankr. P. 4004(b)(1).

3

4004 because he or she may object to discharge under 11 U.S.C. § 727); In re Cooper, 2003 WL 1965711, at *4 (Bankr. N.D. Iowa April 7, 2003) (finding a party in interest is one that has standing to litigate the dischargeability complaint).

The determination of whether cause exists is a fact-driven analysis that must be decided on a case-by-case basis.  In re Boltz-Rubinstein, 454 B.R. 614, 620 (Bankr. E.D. Pa. 2011); In re Stonham, 317 B.R. 544, 547-48 (Bankr. D. Colo. 2004).  The movant must establish at least a reasonable degree of due diligence to be accorded the requested extension.  In re Stonham, 317 B.R. at 547; In re Ballas, 342 B.R. 853, 856 (Bankr. M.D. Fla. 2005), aff'd 212 Fed. Appx. 867 (11th Cir. 2006).

The Trustee asserts that he has not received the documentation necessary to complete his investigation of Debtor's financial affairs.  Due to Debtor's alleged failure to provide the information the Trustee seeks and the time constraints between the continued meeting of creditors, held May 17, 2012, and the deadline, May 21, 2012, the Trustee has not had the opportunity to complete a thorough investigation.  The Trustee  demonstrated diligence by reviewing Debtor's financial information and requesting certain documentation from Debtor, but had not received the documentation as of May 18, 2012.  Therefore, the Court finds that an extension of the time to allow the Trustee to complete his investigation is appropriate.  See Opportunity Bank, N.A. v. Martinsen (In re Martinsen), 449 B.R. 917, 924 n.6 (Bankr. W.D. Wis. 2011) (granting trustee's motion to extend the  deadline to file a denial-of-discharge or nondischargeability complaint because trustee wished to conduct an additional investigation into the possibility of claims).

B.    Maher's Motion for Extension of Time to Object to Discharge.

Maher filed her motion seeking an extension of time to object to Debtor's discharge

4

on May 23, 2012, two days after the deadline for objections to discharge, but prior to

Debtor's discharge.  Therefore, although Maher is a party in interest as a creditor,[2] her

untimely filing makes Rule 4004(b)(2) applicable to her motion.  Fed. R. Bankr. P.

4004(b)(2).

> Subdivision (b)(2) of Rule 4004 provides:
>
> A motion to extend the time to object to discharge may be filed after the time
> for objection has expired and before discharge is granted if (A) the objection
> is based on facts that, if learned after the discharge, would provide a basis
> for revocation under § 727(d) of the Code, and (B) the movant did not have
> knowledge of those facts in time to permit an objection.  The motion shall be
> filed promptly after the movant discovers the facts on which the objection is
> based.

Fed. R. Bankr. P. 4004(b)(2).

In her motion, Maher alleges that her claim against Debtor is based on fraud.  In her

supplemental brief, Maher claims that information the Trustee is gathering regarding real

estate transfers would be helpful to her in deciding whether to pursue a nondischargeability

action against Debtor.  Maher does not provide a factual basis showing her efforts to

conduct discovery or otherwise investigate her claim against Debtor.  She does not offer

facts or allegations suggesting she has a reasonable basis to conclude that she may

discover additional information after discharge that would provide a basis for revocation of

Debtor's discharge as required by Rule 4004(b)(2)(A).  Maher's assertion that she has a

claim against Debtor based on fraud is not sufficient to meet her burden of showing cause

for an extension of the deadline to object to discharge.  See In re Chatkhan, 455 B.R. 365,

368 (Bankr. E.D.N.Y. 2011) (finding that allegations of fraud or misrepresentation may be

---

[2] See In re Cooper, 2003 WL 1965711, at *4.

5

grounds to deny a discharge; however, "they are not cause to grant an extension of time to object to discharge or dischargeability. No argument has been advanced that any alleged fraud or material misrepresentation impeded [movant] from pursuing his rights, requesting discovery, or filing a complaint to object to discharge or dischargeability.").

Even if Maher's assertion that she has a claim against Debtor "based on fraud" and that the Trustee may have gathered information relevant to this claim was sufficient to allege a basis for extending the deadline to object to dischargeability under Rule 4004(b)(2)(A), she did not allege or offer facts sufficient to satisfy the standard listed in portion (B) of subdivision (b)(2): "the movant did not have knowledge of those facts in time to permit an objection." Maher makes no allegation that her knowledge of the fact giving rise to the alleged fraud formed between the end of the day on May 21, 2012, when the deadline occurred, and May 23, 2012, when she filed her motion. Accordingly, Maher has not met her burden under Rule 4004(b)(2).

Furthermore, Maher's only explanations for her untimely motion are that she did not receive notice of the continued meeting of creditors and that her counsel erroneously believed that a continuation of the first meeting of creditors extended the time to file an objection to the discharge. These explanations are not sufficient to establish cause for granting her untimely motion for an extension.

On February 25, 2012, the Bankruptcy Noticing Center sent notice, by first class mail, of the first date set for the section 341 meeting of creditors (March 21, 2012) to Maher. Maher makes no allegation that she failed to receive this notice. Additionally, Debtor alleges that Maher's counsel attended the first meeting of creditors on March 21, 2012. Maher did not deny this allegation. It is notice of the first date set that is crucial

6

under Rule 4004(a) to a party in interest's knowledge.  See Fed. R. Bankr. P. 4004(a); In re Moss, 258 B.R. at 396.  The date set for a continued meeting of creditors has no bearing on the deadline to seek an extension of time to object to discharge.  Therefore, even if Maher did not receive notice of the continued meeting of creditors, she was still put on notice of the first date set for the meeting of creditors under section 341, which triggered the deadline to object to discharge.  Cause for an extension does not exist when a creditor, who has notice of the bankruptcy case and filing deadlines, fails to diligently pursue discovery prior to expiration of those deadlines.  In re Chatkhan, 455 B.R. at 368-70.  Maher was on notice of Debtor's bankruptcy case and the deadline for objecting to discharge.  She has not established cause for the extension she seeks.

Further, this Court is not persuaded by Maher's assertion she should be granted an extension under Rule 4004(b) because of her counsel's erroneous belief that a continuance of the meeting of creditors extended the deadline to object to discharge.  Clients are responsible for the acts and omissions of their chosen counsel, including tardy filings in bankruptcy proceedings.  Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 396-97 (1993).  Neglect by an attorney, even excusable neglect, is not a basis for granting an extension under Rule 4004(b).  See Jones v. Brown (In re Brown) 444 B.R. 173, 175-76 (S.D. Ind. 2011); Mirmingos v. Benjamin, 288 B.R. 521, 523 (N.D. Ill. 2003).  Included in the category of neglect are calendar errors committed by creditors' attorneys.  See In re Brown, 444 B.R. at 176-77.  Therefore, Maher's counsel's error is not grounds for granting her an extension.  Accordingly, Maher has not met her burden of proof under Rule 4004(b).

7

Additionally, Maher cannot rely upon the extension granted to the Trustee in an effort to secure an extension for herself. "As a general rule, a motion to extend, if granted, only applies to the moving party; and this general rule also holds when the Trustee is the party moving for an extension." Frati v. Gennaco, 2011 WL 241973, at *2 (D. Mass. Jan. 24, 2011) (citations omitted); In re Gerhart, 1996 WL 34483819, at *2 (Bankr. S.D. Iowa Aug. 13, 1996); In re Martinsen, 449 B.R. at 922.

Courts look to the scope and effect of the movant's request to determine the terms of the extension. See Frati, 2011 WL 241973, at * 4 (finding that when a trustee moved for an extension "for the Trustee to object to the Debtor's Discharge," the language made it clear that the trustee did not intend to request an extension for any other creditor); Lab. Corp. of Am. v. Avalos (In re Avalos), 361 B.R. 129, 130 n.2 (Bankr. S.D. Tex. 2007) (noting that where a trustee requested an extension solely on his behalf, it was appropriate to grant the extension to only him); In re Gerhart, 1996 WL 34483819, at *1, *3 (finding that when a trustee files a motion seeking an order extending the time in which any party can file an objection to discharge, it is appropriate to grant the extension to all parties in interest).

Upon review of the language in the Trustee's Motion for an Extension of Time to Object to Discharge, it appears that he is only requesting an extension for himself. He specifically mentions "his investigation" and requests an extension because he "will be unable to complete his investigation before th[e] deadline occurs." The Trustee makes no reference to an extension for any other creditor. Accordingly, the Trustee's extension is granted solely to the estate, and no other creditor, including Maher, may rely upon the extension granted to him.

8

III.    **CONCLUSION**

IT IS ORDERED that Trustee's Motion for an Extension of Time to Object to Discharge is GRANTED.  The Trustee is granted until August 20, 2012, to object to Debtor's discharge.  Maher's Motion for Extension of Time to File Objection to Discharge is DENIED.

**SO ORDERED**.

Dated this 15th day of June, 2012.


  /s/   SHON HASTINGS
Shon Hastings, Judge
U.S. Bankruptcy Court